INGRAM, Presiding Judge.
Bama McCain brought an action for workmen’s compensation death benefits against Capital Veneer Works, Inc., of Montgomery (employer). McCain alleged that she was the dependent of the deceased employee and was therefore entitled to recover benefits.
The employer filed a motion for summary judgment, contending that McCain was not a dependent of the deceased employee. Further, it set forth the affirmative defenses of intoxication of the deceased employee and the willful violation by the deceased employee of known work rules or policies relative to the use or possession of alcohol *1216 on the work premises. After a hearing, the trial court granted the employer’s motion for summary judgment. McCain now appeals to this court.
The dispositive issue on appeal is whether the trial court erred in granting the employer’s motion for summary judgment regarding the issue of dependency.
At the outset we would note that summary judgment is proper when there is no genuine issue of a material fact and the movant is entitled to a judgment as a matter of law. Wilson v. Brown, 496 So.2d 756 (Ala.1986). Once a motion for summary judgment has been made and supported as required by Rule 56, Alabama Rules of Civil Procedure, the motion is to be granted unless the adverse party makes an eviden-tiary or factual showing that there is a genuine issue of fact for trial. Mitchell v. Mitchell, 453 So.2d. 1042 (Ala.Civ.App.1984).
Here, the employer supported its motion for summary judgment with, among other things, the deposition of McCain. In her deposition, McCain testified to the following: McCain and the deceased employee had not lived in the same household for the past five years. The deceased employee came over to her home once or twice a week, but he did not spend the night. Further, the deceased employee did not give McCain any money during this time. Likewise, he did not buy her any food or clothes or provide her with housing or pay any housing expense during this five-year period. In fact, McCain specifically stated in her deposition that the deceased employee did not give her anything. Further, when asked if she was depending on the deceased employee for financial support, McCain replied: “I have been working nineteen years. I take care of myself.”
McCain further testified that she told the people where she worked that she was single and that she claimed that she was single on her income tax returns. She also stated that the deceased employee indicated that he was single on insurance forms and on his income tax returns.
McCain also testified that she did not know if the deceased employee had a drinking problem but that she did not think he did. She further stated that during the entire time that she had been married to the deceased employee, she never saw him drunk. In fact, she stated that there was a period of time that he did not drink at all.
In response to the employer’s motion for summary judgment, McCain submitted the affidavit of her daughter. The daughter stated that she was the twenty-two-year-old child of the deceased employee and McCain. She stated that the deceased employee left home because he had a drinking problem and was seeing other women. She further stated that the deceased employee gave her money during this time and that she would contribute to buying groceries and paying the rent and bills.
Pursuant to Ala.Code 1975, § 25-5-61, a wife of a deceased employee is presumed to be wholly dependent upon the deceased employee unless it is shown (1) that she was voluntarily living apart from her husband or (2) that the husband had not contributed to her support for more than twelve months prior to his death.
In support of its motion for summary judgment, the employer submitted evidence that McCain was not a dependent of the deceased employee for both of the above reasons. First, it contended that McCain was voluntarily living apart from the deceased employee; and second, it contended that the deceased employee had not contributed to McCain’s support for more than twelve months prior to his death.
By her own testimony, McCain admitted that she was living apart from the deceased employee at the time of his death. Further, she never contended that she was living apart from the deceased employee because of a drinking problem or because of other women. She never stated that he was abusive to her or their children in any way. Rather, she stated that she did not think he had a drinking problem and that she had never seen him drunk.
In view of the above, we find that the employer submitted evidence that McCain was voluntarily living apart from the deceased employee. Furthermore, we find *1217 that McCain did not meet her burden of submitting evidence to the contrary. Although we note that the daughter stated that her father left because of his drinking and other women, we do not find this evidence to be sufficient to meet McCain’s burden of proof, especially in view of McCain’s own deposition. Therefore, we find that the trial court was correct in granting the employer’s motion for summary judgment and finding that McCain was not a dependent.
We also find that summary judgment was proper due to the evidence that the deceased employee had not provided any support to McCain for twelve months prior to his death. The employer submitted undisputed evidence that the deceased employee did not give any money to McCain for food, housing, clothes, etc. As noted above, McCain stated in her deposition that she had been working for the past nineteen years and took care of herself and that the deceased employee never gave her anything.
We further find that the affidavit of McCain’s daughter, which stated that she received money from the deceased employee and that she may have given or used some of that money to pay household expenses, is not sufficient to overcome the defendant’s motion for summary judgment.
Therefore, for either of the reasons discussed above, we find that the trial court did.not err in granting the employer’s motion for summary judgment. The employer submitted ample evidence that McCain is not a dependent pursuant to the statute and therefore is not entitled to benefits.
In view of the above disposition, we pre-termit a discussion of the employer’s defense of intoxication.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.